UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION | ) CASE NO. 1:16-CV-99 |
| | ) |
| and | ) JUDGE |
| | ) |
| PARKER INTANGIBLES LLC, | ) |
| | ) |
| Plaintiffs | ) **COMPLAINT** |
| | ) |
| v. | ) [Jury Demand Endorsed Hereon] |
| | ) |
| CUMMINS INC. | ) |
| | ) |
| and | ) |
| | ) |
| CUMMINS FILTRATION INC., | ) |
| | ) |
| Defendants | ) |

## THE PARTIES

1. Plaintiff Parker-Hannifin Corporation ("Parker") is an Ohio corporation having its headquarters at 6035 Parkland Blvd., Cleveland, Ohio 44124-4141, and having its Racor Division at 3400 Finch Road, Modesto, California 95353.

2. Plaintiff Parker Intangibles, LLC ("PI") is a Delaware limited liability company having its principal place of business at 6035 Parkland Blvd., Cleveland, Ohio 44124-4141.

3. On information and belief, defendant Cummins Inc. is an Indiana corporation having a principal place of business at 500 Jackson Street, Columbus, Indiana 47201.

4. On information and belief, defendant Cummins Filtration Inc. is a wholly owned business unit of Cummins Inc. and a Tennessee corporation having a principal place of business at 2931 Elm Hill Pike, Nashville, Tennessee 37214-3719.

5. On information and belief, Fleetguard Inc. was a wholly owned business unit of Cummins Inc. and changed its name to Cummins Filtration Inc. on or about May 9, 2006.

6. On information and belief, the new name of Cummins Filtration, did not legally affect customer relationships, confidentiality agreements, or contracts, or the manner in which Fleetguard Inc. or Cummins Inc. conducted business.

7. On information and belief, certain products of Cummins Inc. and Cummins Filtration Inc. (collectively "Defendants") continue to display the Fleetguard name.

8. On information and belief, Defendants undertake the infringing activities described herein.

**JURISDICTION AND VENUE**

9. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

11. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b).

**BACKGROUND**

12. On December 12, 2006, U.S. Patent No. 7,147,110 ("the '110 patent"), entitled "Filter Assembly With Vented Filter Element," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '110 patent is attached as Exhibit A.

13. The '110 patent is owned by PI. Parker is the exclusive licensee of the '110 patent, with the right to sue for past, present, and future infringement and the right to seek injunctive relief and monetary damages.

14. Defendants have manufactured and sold, and/or are presently manufacturing and selling, filters and filter elements including filter elements designated as the Fleetguard FK48555 fuel filter kit and the Fleetguard FK48556 fuel filter kit. The Fleetguard FK48555 fuel filter kit includes a primary filter and a secondary filter ("the accused FK48555 filter elements"), and the Fleetguard FK48556 fuel filter kit includes a primary filter and a secondary filter ("the accused FK48556 filter elements") (collectively, "the accused filter elements"). The Fleetguard FK48556 fuel filter kit also includes a prescreen filter. On information and belief, the structures of the accused FK48555 filter elements are identical to the structures of the accused FK48556 filter elements. True and correct copies of images of the accused filter elements are included in Exhibit B.

15. The accused filter elements are designed for use in at least Detroit Diesel Engines DD13, DD15, and DD16.

16. Defendants market the accused filter elements to be used in at least Detroit Diesel Engines DD13, DD15, and DD16.

17. On information and belief, Defendants instruct their customers how to use the accused filter elements in at least Detroit Diesel Engines DD13, DD15, and DD16.

18. Each accused filter element includes a ring of filtration media having a first and second end and circumscribing a central cavity.

19. Each accused filter element includes two end caps (the "first end cap" and the "second end cap") sealingly bonded to the two ends of the media ring with adhesive compound.

20. The first end cap in each accused filter element includes a vent orifice in fluid communication with the central cavity of the media ring.

21. The second end cap in each accused filter element has an annular body portion defining a central opening.

22. Each accused filter element includes a cylindrical support core disposed in the central cavity of the media ring.

23. The cylindrical support core in each accused filter element, having annular radial members, supports an inner dimension of the media ring.

24. The annular radial members in each accused filter element provide a fluid flow path between the media ring and the cylindrical support core when the filter element is in operation.

25. The cylindrical support core in each accused filter element is sealingly bonded to the two ends of the media ring with adhesive compound.

26. The cylindrical support core in each accused filter element has a perforate frame allowing fluid flow passing radially through the media ring to pass radially through the core into the central cavity of the media ring.

27. Each accused filter element includes a fluid passage in the cylindrical support core in fluid communication with the vent orifice of the first end cap and extending from one end of the support core to its other end.

28. The fluid passage in the support core is separate and independent of the flow through the media and the frame of the core.

29. Each accused filter element includes an annular resilient sealing device carried by the second end cap, and bounding the central opening defined by the annular body portion of the second end cap.

30. The annular resilient sealing device in each accused filter element fluidly separates the fluid passage in the support core from the flow through the media ring and frame.

31. The annular resilient sealing device in each accused filter element includes at least one through-passage fluidly interconnecting the fluid passage in the support core with the central opening in the second end cap.

32. The annular resilient sealing device in each accused filter element includes: a radially-enlarged first circumferential portion at a first, outer end supported by the second end cap; a radially-reduced second circumferential portion at a second, inner end, received within the support core; and an intermediate portion.

33. The at least one through-passage in each accused filter element is located in the intermediate portion of the sealing device of each accused filter element.

34. The support core in each accused filter element has a cylindrical configuration.

35. The support core in each accused filter element extends between and interconnects the two end caps.

36. The support core in each accused filter element is sealingly bonded to the two end caps with adhesive compound.

37. The support core in each accused filter element comprises a frame and the tubular fluid passage is integral with the frame.

38. Each accused filter element includes two gaskets, one with a larger diameter than the other, centrally located at the second end of the filter element, and including an exposed cylindrical surface capable of sealing against a cylindrical housing portion.

39. Upon information and belief, the accused filter elements are sold to retailers, distributors, and resellers that resell the accused filter elements throughout the United States, including in the State of Ohio.

40. Upon information and belief, Defendants provide Service Instructions with new accused filter elements. The Service Instructions provide instructions to customers and end-users regarding, among other things, how to install the accused filter elements in a cylindrical housing portion, how to prime the fuel system with the accused filter elements installed, and how to ensure that the fuel system purges residual air. *See* Exhibit B.

41. Upon information and belief, Defendants provide instructions in addition to those provided in Service Instructions to customers and end-users regarding, among other things, how to install the accused filter elements in a cylindrical housing portion, how to prime the fuel system with the accused filter elements installed, and how to ensure that the fuel system purges residual air. Upon information and belief, such additional instructions are provided through marketing materials.

42. Defendants were given actual notice of the '110 patent and its infringement of the '110 patent by the accused filter elements at least as early as January 30, 2015, via telephonic and written communication. *See* Exhibit C hereto. Defendants were also given constructive notice of the '110 patent via Plaintiffs' marking of the Racor 67555 fuel filter kit with the number of the '110 patent.

## COUNT ONE
**(Infringement of the '110 Patent)**

43. Parker and PI (hereinafter "Plaintiffs") incorporate the allegations set forth in Paragraphs 1-42 above as if each were separately set forth at length herein.

44. Defendants, due to the distribution, sale, and/or offer for sale of the accused filter elements, infringe at least claims 1, 2, 3, 4, 6, 9, 11, 12, 15, and 18 of the '110 patent literally and under the doctrine of equivalents.

45. Defendants, having actual notice of the '110 patent and its infringement of the '110 patent by the accused filter elements at least as early as January 30, 2015, intended to induce its customers and end-users to perform acts that constitute infringement of the '110 patent literally and under the doctrine of equivalents by providing them with Service Instructions and additional instructions, and, upon information and belief, knew that the induced acts by its customers and end users would result in infringement of at least claims 1, 2, 3, 4, 6, 9, 11, 12, 15, and 18 of the '110 patent literally and under the doctrine of equivalents.

46. Defendants have infringed and induced others to infringe, and is infringing and inducing others to infringe, the '110 patent in violation of 35 U.S.C. § 271.  Such acts of infringement have been committed in this judicial district and others, and Defendants will continue to do so unless and until enjoined by the Court.

47. Plaintiffs have suffered and will continue to suffer damages and irreparable injury as a result of Defendants' infringement and inducement of infringement.

48. Despite actual knowledge of Plaintiffs' patent rights and their applicability to the accused filter elements, Defendants have continued to willfully infringe Plaintiffs' rights in the '110 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that a judgment be entered against Defendants holding that:

A. Defendants infringe the '110 patent;

B. Defendants' infringement of the '110 patent is willful;

C. Defendants, their officers, agents, employees, and those persons in active concert or participation with them, and their successors and assigns, be permanently enjoined from infringement of the '110 patent, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the '110 patent;

D. Plaintiffs be awarded royalty and lost-profit based damages adequate to compensate them for Defendants' infringement of the '110 patent;

E. Plaintiffs be awarded treble damages and pre-judgment and post-judgment interest at the maximum rate allowed by law;

F. This case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiffs be awarded reasonable attorneys' fees, costs, and expenses incurred in connection with this action; and

G. Plaintiffs be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury with the maximum number of jurors provided by law with respect to all issues triable by a jury.

OF COUNSEL:

Francis DiGiovanni (*pro hac vice* forthcoming)
M. Curt Lambert  (*pro hac vice* forthcoming)
DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Ste. 1410
Wilmington, DE  19801-1621
(302) 467-4200 (telephone)
(302) 467-4201 (facsimile)
Francis.DiGiovanni@dbr.com
Curt.Lambert@dbr.com

/s/ *Robert E. Chudakoff*
Robert E. Chudakoff (0038594)
Nicholas B. Wille (0084604)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113-1448
(216) 583-7000 (telephone)
(216) 583-7001 (facsimile)
rchudakoff@ulmer.com
nwille@ulmer.com

*Attorneys for Plaintiffs
Parker-Hannifin Corporation
and Parker Intangibles LLC*

2197685
15721.00003